# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Jeffery Goodwin,** | ) | **CASE NO. 1: 15 CV 448** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | <u>**Memorandum of Opinion and Order**</u> |
| **David Carroll, Commissioner, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## Introduction and Background

*Pro se* plaintiff Jeffery Goodwin filed this *in forma pauperis* civil rights action pursuant to 42 U.S.C. § 1983 against the Commissioner of the Cleveland Work House, David Carroll, and Richard Flowers, the Jail Manager.  According to the public docket of the Cleveland Municipal Court, the plaintiff was sentenced to serve 180 days in the Work House on January 12, 2015, after he tested positive for cocaine and marijuana and the Municipal Court found he violated the terms of his probation and reinstated his sentence in connection with a 2014 DUI conviction.  The plaintiff has notified the Court that he was released from incarceration in the Work House on April 13, 2015, after this action was filed.

The plaintiff complains of a litany of conditions he observed while incarcerated in the Work House.  He contends the building was previously condemned and that he observed mold in the shower area, rust covering "the exhaust area," stagnant water on the bathroom floor, a peeling ceiling, poisonous spiders, broken glass tiles in the shower, clogged vents, and severe overcrowding.  He also complains he was served food with hair in it and cereal with ants.

Additionally, the plaintiff complains about the medical treatment he received.  He

complains the facility only had a nurse practitioner and that he has not been able to see a doctor, and he alleges "the facility [did] not want to pay for" medications and other treatments he contends specialists had ordered for his chronic conditions, including physical therapy for a herniated disk, vitamin D3, x-rays, and full blood work. He contends his bronchitis condition worsened in the facility due to "not having clean air to breathe" and that he experienced problems with his "C3 disk."

Finally, he alleges that a social worker, Mrs. Provitt, read his legal documents when she took them to make copies. He complains the Commissioner ignored his requests to instruct her to stop reading his documents and his assertions that the Commissioner had an "obligation" to provide him with a copier and other "legal research tools."

The plaintiff does not allege any specific constitutional violation or violations he contends the defendants committed, but he alleges his "rights" were violated. He seeks "compensation for the damages to [his] back and [his] lungs due in part to gross neglect of duty to keep [him] safe from harm" and asks that the facility be investigated for "compliance with health mandates" and that "all units that are in violation [be] closed." (Complt., Prayer for Relief.)

The plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but for the reasons stated below, his complaint is dismissed.

### Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss any *in forma pauperis* action, or action a by a prisoner seeking redress from a

governmental entity or officer or employee of a governmental entity, that the court determines

on its face is frivolous or malicious, fails to state a claim on which relief can be granted, or

seeks monetary relief from defendant who is immune from such relief.  *See* 28 U.S.C. §§1915(e)

and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To survive a dismissal, a *pro

se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that

is plausible on its face.  *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

governs dismissals under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A)).

The plaintiff's complaint fails to state a plausible claim for relief under § 1983.  To the

extent the plaintiff seeks declaratory or injunctive relief, his claims are now moot since the

plaintiff is no longer incarcerated in the Cleveland Work House.  *See Holson v. Good*, 579 Fed.

App'x 363, 366 (6th Cir. 2014) (holding that a plaintiff's § 1983 claims against a parole officer

seeking injunctive relief based on conditions at a halfway house were rendered moot when the

plaintiff was moved out of the halfway house).

Further, the plaintiff has failed to allege any plausible constitutional deprivation that

could support a damages claim.  To make out a constitutional claim under the Eighth

Amendment for inadequate medical care, a prisoner must demonstrate both objective and

subjective components.  A prisoner must show that he had a "sufficiently serious" medical need

and that the prison officials being sued acted with "deliberate indifference" to that need.

*Blackmore v. Kalamazoo Cty*., 390 F.3d 890, 895 (6th Cir. 2004).  Constitutional "deliberate

indifference" is not mere negligence.  Rather, a plaintiff must show that the prison official in

question subjectively perceived facts from which to infer substantial risk to the prisoner, that he

did in fact draw the inference, and that he then disregarded that risk.  *Comstock v. McCrary*, 273

F.3d 693, 702-03 (6ᵗʰ Cir. 2001).  *See also Jones v. Muskegon County*, 625 F.3d 935, 941 (6th

Cir. 2010) (To establish deliberate indifference to a prisoner's medical need, a plaintiff must

show that the prison official: "(1) subjectively knew of a risk to the inmate's health, (2) drew

the inference that a substantial risk of harm to the inmate existed, and (3) consciously

disregarded that risk.").

     The plaintiff alleges he was not provided proper medical care in the Work House for

various preexisting chronic conditions he contends he had, but he has not alleged a plausible

constitutional claim for inadequate medical care because he has not alleged any facts

whatsoever suggesting that Commissioner Carroll or Defendant Flowers (or any prison official

for that matter) knew of his asserted conditions, or subjectively drew an inference that a

substantial risk of harm to him existed without the care he contends he was denied.  The

plaintiff merely alleges, in purely conclusory terms, that he was denied "proper" care for his

conditions because the Commissioner was concerned with cost and did not want to pay for

proper medical care.  These allegations are insufficient to state a plausible claim.  The plaintiff

has not alleged facts from which a reasonable inference could be drawn that the defendant

prison officials were "deliberately indifferent" to his medical needs within the meaning of the

Eighth Amendment.

     The plaintiff's allegations regarding the conditions in the Work House are also

insufficient to state a constitutional claim under the Eighth Amendment.  The Constitution "does

not mandate comfortable prisons," *Wilson v. Seiter*, 501 U.S. 294,  298 (1981), and "[n]ot every

unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual

punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The Eighth Amendment is violated only when a prisoner is deprived of the "minimal civilized measure of life's necessities." *Wilson*, 501 U.S. at 298. Courts have found conditions similar to those allegedly endured by plaintiff to be insufficient to state a constitutional violation under the Eighth Amendment. *See, e.g., Shrader v. White*, 761 F.2d 975 (4th Cir.1985) (prisoner's allegations that there were leaking ceilings, cold water in cells, dripping shower heads, the shower area was covered in rust, mold, and mildew, and shower controls did not work were constitutionally insignificant); *Oliver v. Powell*, 250 F. Supp. 2d 593, 604 (E.D.Va. 2002) (prisoner's allegations that cell contained roaches, leaky toilets, peeling paint and writing on the wall did not state a claim under the Eighth Amendment). A review of plaintiff's complaint reveals the conditions he allegedly endured, though unpleasant and harsh, are part of the penalty that criminal offenders pay for their offenses against society. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Finally, the plaintiff has failed to allege a plausible constitutional claim to the extent he purports to seek damages for a denial of access to legal resources. Although prisoners have a constitutional right under the First Amendment of access to the courts, including access to legal and writing materials, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), in order to state a constitutional claim, a plaintiff must plead and demonstrate that his lack of access to such materials actually hindered his efforts to pursue a non-frivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). The plaintiff does not allege he was hindered in his ability to pursue a non-frivolous legal claim as a result of denial of access to legal resources while incarcerated in the Work House. In fact, the plaintiff has filed a Petition for a Writ of Habeas

Corpus in federal court challenging his sentence on March 3, 2015.  *See Goodwin v. Carroll*, Case No. 1: 15 CV 407 (N.D. Ohio) (Nugent, J.).

**Conclusion**

For all of the reasons stated above, the plaintiff's complaint fails to state a claim on which relief may be granted and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/20/15